

U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUN -9 2010

CLERK, U.S. DISTRICT COURT
By _____
  Deputy

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| JOHN CHARLES SPURLOCK, | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil Action No. 4:10-CV-398-Y |
| | § | |
| RICK THALER, Director, | § | |
| Texas Department of Criminal Justice, | § | |
| Correctional Institutions Division, | § | |
| Respondent. | § | |

### FINDINGS, CONCLUSIONS, AND RECOMMENDATION
### OF THE UNITED STATES MAGISTRATE JUDGE
### AND NOTICE AND ORDER

This cause of action was referred to the United States Magistrate Judge pursuant to the provisions of 28 U.S.C. § 636(b), as implemented by an order of the United States District Court for the Northern District of Texas. The Findings, Conclusions, and Recommendation of the United States Magistrate Judge are as follows:

#### I. FINDINGS AND CONCLUSIONS

##### A. NATURE OF THE CASE

This is a petition for writ of habeas corpus by a state prisoner under 28 U.S.C. § 2254.

##### B. PARTIES

Petitioner John Charles Spurlock, TDCJ-ID #741571, is in custody of the Texas Department of Criminal Justice, Correctional Institutions Division, and is presently incarcerated in Gatesville, Texas.

Respondent Rick Thaler is the Director of the Texas Department of Criminal Justice, Correctional Institutions Division. No service has issued on Respondent.

C. Factual and Procedural History

Spurlock continues to serve a 15-year sentence for his 1996 state court conviction for aggravated sexual assault of a child younger than 14 years of age in 355th Judicial District Court of Hood County, Texas. (Petition at 2) Spurlock did not directly appeal his conviction but filed both state and federal habeas corpus applications challenging the conviction.[1] By way of this federal habeas petition, Spurlock's third in this court, he challenges the same conviction, the state court's denial of his second motion for postconviction forensic DNA testing under chapter 64 of the Texas Code of Criminal Procedure, and the state appellate and habeas corpus proceedings. (*Id.* at 7-8)

D. Successive

28 U.S.C. § 2244(b) requires dismissal of a second or successive petition filed by a state prisoner under § 2254 unless specified conditions are met. 28 U.S.C. § 2244(b)(1)-(2).[2] Further, before a subsequent petition is filed in federal district court, the petitioner must move in the appropriate court of appeals for an order authorizing the district court to consider the petition. *Id.* § 2244(b)(3).

---

[1] The court takes judicial notice of the state court records filed in Spurlock's prior federal habeas corpus actions. *Spurlock v. Dretke*, Civil Action No. 4:05-CV-0146-Y; *Spurlock v. Johnson*, Civil Action No. 4:98-CV-926-E.

[2] Specifically, 28 U.S.C. § 2244(b) provides that a claim presented in a second or successive habeas corpus application under § 2254 that was not presented in a prior application shall be dismissed unless–

    (A) the applicant shows that the claim relies on a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable; or

    (B)(i) the factual predicate for the claim could not have been discovered previously through the exercise of due diligence; and
    (ii) the facts underlying the claim, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that, but for constitutional error, no reasonable factfinder would have found the applicant guilty of the underlying offense.

From the face of this petition, it is apparent that this is a successive petition, and Spurlock has not demonstrated that he has obtained authorization to file such a petition from the Fifth Circuit Court of Appeals. *See* 28 U.S.C. § 2244(b)(1)-(3). *See also Kutzner v. Cockrell*, 303 F.3d 333, 338-39 (5th Cir.), *cert. denied*, 536 U.S. 978 (2002) (holding that § 2254 petition challenging denial of motion for DNA testing constituted successive habeas petition). This court is, therefore, without jurisdiction to consider the petition. *Id.*; *In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *United States v. Orozco-Ramirez*, 211 F.3d 862, 867 (5th Cir. 2000); *Hooker v. Sivley*, 187 F.3d 680, 681-82 (5th Cir. 1999).[3] Spurlock must first seek an order authorizing this court to consider his claims from the Fifth Circuit Court of Appeals. *See In re McGinn*, 213 F.3d 884, 885 (5th Cir. 2000); *Rogers v. Cockrell*, No.4:02-CV-954-Y, 2003 WL 21246099, at *2 (N.D. Tex. Apr. 14, 2003).

## II. RECOMMENDATION

Spurlock's petition for writ of habeas corpus under 28 U.S.C. §2254 should be dismissed without prejudice to Spurlock's right to file a motion for leave to file a successive petition in the United States District Court of Appeals for the Fifth Circuit under 28 U.S.C. §2244(b)(3)(A).

### III. NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

A copy of this report and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 10 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). The court is extending the deadline within which to file specific written

---

[3] Because the court lacks jurisdiction to consider the petition, the undersigned makes no ruling or recommendation on Spurlock's Application To Proceed In Forma Pauperis.

objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation until June 30, 2010. In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

## IV. ORDER

Under 28 U.S.C. § 636, it is ordered that each party is granted until June 30, 2010, to serve and file written objections to the United States Magistrate Judge's proposed findings, conclusions, and recommendation. It is further ordered that if objections are filed and the opposing party chooses to file a response, a response shall be filed within seven (7) days of the filing date of the objections.

It is further ordered that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions, and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED June 9th, 2010.

JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE

4